## Hardin v. The Upjohn Company

*Arthur G. Raynes,* for plaintiff.

*James Paul Dornberger,* for defendant The Upjohn Company.

*James C. Stroud,* for defendant Fernando L. David.

GOLDMAN, *J.,* April 16, 1986—

## FACTS

Plaintiff, Donna M. Hardin, was allegedly injected with the medication Cyclogesterin by her physician, Dr. Fernando L. David, in May 1971. Her son, Jonathan Hardin, was born with severe birth defects. In October 1980 Donna Hardin filed suit against the manufacturer of Cyclogesterin, The Upjohn Company, claiming that Upjohn was liable for Jonathan Hardin's injuries on grounds of negligence and strict liability.

When originally marketed, Cyclogesterin package inserts indicated that Cyclogesterin was an appropriate therapy for treatment of secondary amenorrhea, functional uterine bleeding, and threatened and habitual abortion. In September 1976 the Food and Drug Administration required new labeling that specified that estrogens used by pregnant women may cause damage to their offspring. The labeling also indicated that reports have suggested a link between estrogen and congenital birth defects. In 1978, the FDA requested that Cyclogesterin be removed from the market for want of a new drug application.

Upjohn has moved the court to exclude evidence of package inserts and recall memoranda post-dating the administration of Cyclogesterin to Mrs. Hardin. Upjohn contends that the package inserts and recall memoranda are inadmissible post-remedial measures and inadmissible hearsay. Hardin holds the opposite view. We granted Upjohn's motion to exclude evidence of post-administration package inserts and recall memoranda and correspondence.

Upon consideration of plaintiff Hardin's motion for certification, we found that Upjohn's motion involves a controlling question of law to which there is a substantial ground for difference of opinion. Because the outcome of other pending evidentiary motions before the court in this case also depends upon the issues before us now, and because of the enhanced potential for nontrial disposition, clarification of this question of law will materially advance the ultimate resolution of this matter.

## DISCUSSION

The question before us turns upon whether this case is submitted to the jury under a theory of negligence or strict liability or under both theories. In this regard, application of comment k of section 402A of the Restatement (Second) of Torts is critical. Under comment k, claims involving unavoidably unsafe products, particularly prescription drugs, are governed by standards of negligence, not strict liability. See *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984); *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971); *Leibowitz v. Ortho Pharmaceutical Corp.,* 224 Pa. Super. 418, 307 A.2d 449 (1973). In negligence cases, evidence of subsequent remedial measures for purposes of proving

prior negligence is barred. As a matter of law, post-administration package inserts and recall memoranda, as subsequent remedial measures, are thus inadmissible for that purpose. *Incollingo v. Ewing,* 444 Pa. 263, 294, 282 A.2d 206 (1971). See also *Warner v. Upjohn Co.,* 628 F.2d 848 (Fourth Cir. 1980); *Smith v. Upjohn Co.,* 529 F.2d 803 (Second Cir. 1975). On the other hand, under section 402A strict liability, subsequent remedial measures would be admissible following our Superior Court's decision in *Matsko v. Harley Davidson Motor Co.,* 325 Pa. Super. 452, 473 A.2d 155 (1984), thereby permitting admission of post-administration package inserts and recall memoranda.

Application of these deceptively simple rules poses a myriad of problems for which Pennsylvania law provides little guidance:

(1) Does comment k automatically apply to all prescription drug cases? A plain reading of comment k suggests that it does not, but that the court or the jury must determine adequacy of manufacture, marketing, and warning to determine whether a product is unavoidably unsafe and thus impose comment k protection. Nevertheless, the courts in Pennsylvania have uniformly treated drugs in products liability cases under comment k of section 402A. See *Baldino,* supra; *Incollingo,* supra; *Leibowitz,* supra. In the absence of guidance as to how the threshold determination is made, application of comment k to drug cases appears automatic.

(2). Assuming that application of comment k is not automatic, who makes the comment k threshold determination, the court, in a preliminary hearing or during trial, or the jury? Resolution of this problem in the instant case is critical, for if the case were to proceed to the jury on both section 402A strict liability and comment k grounds, the potential for ad-

ting post-administration inserts and recall memoranda on one theory and not the other and still have the jury untainted is perhaps remote.

(3) In a failure-to-warn drug case, the comment k threshold determination requires a finding of whether there was proper manufacture and marketing; and adequate warning. See e.g., *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984). The latter criterion, whether there was an adequate warning, is also, paradoxically, the ultimate issue to be determined. In light of *Azzarello v. Black Brothers Company Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978), and *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975), what standard should be applied in determining adequacy of warning for making the threshold comment k determination, a strict liability or negligence standard? Alternatively, comment k suggests, as it applies to only "apparently useful" drugs, that a risk-benefit analysis should be applied to determine if a product is unavoidably unsafe and thus deserving of comment k protection. See e.g., *Feldman v. Lederle Laboratories,* 97 N.J. 429, 479 A.2d 374 (1984). Assuming a risk-benefit analysis to be the correct approach, should the utility of a drug be judged by a subjective or objective standard?

(4) If section 402A strict liability alone were to apply in the instant case, the rule of *Matsko,* supra, which permits admission of subsequent remedial measures, must also be viewed against the hearsay nature of the post-administration package inserts. Plaintiff's contention that they are admissions, excepted from the hearsay rule, is untenable in light of their involuntary nature, the language of the warnings having been forced upon Upjohn by the FDA, and there being no chance to cross-examine FDA personnel when mere inserts are offered as

evidence. See e.g., D.F. Binder, *The Hearsay Handbook* §28.01 at 317 (2d ed. 1983) (only fair that party should bear responsibility for own statement).

## CONCLUSION

In analyzing the foregoing problems we concluded that the post-administration package inserts and recall memoranda are inadmissible on the comment k-negligence approach under general principles applicable to subsequent remedial measures in negligence cases. This conclusion is based upon automatic application of comment k to drug cases. Alternatively, even if after threshold analysis it is determined that comment k is not applicable, and that section 402A is, the package inserts and recall memoranda are clearly hearsay and cannot be characterized as admissions by an authorized agent.